J-S22006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DECARLO EUGENE PINCKNEY | |
| Appellant | No. 1444 MDA 2015 |

Appeal from the PCRA Order July 31, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007073-2009

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED MARCH 08, 2016**

Appellant, DeCarlo Eugene Pinckney, appeals from the July 31, 2015 order dismissing, as untimely, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Contemporaneous with this appeal, Appellant's counsel has filed with this Court a petition to withdraw, together with an **Anders**[1] brief, averring the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).  Although counsel has submitted an **Anders** brief to this Court, we note that in the PCRA context, counsel should have filed a no-merit letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc), and their progeny. **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.1 (Pa. Super. 2011). However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Id.** (citation omitted).

appeal is frivolous.[2]   After careful review, we affirm and grant counsel's petition to withdraw.

We summarize the procedural history of this case as follows.   On March 11, 2010, Appellant pled guilty to one count each of possession of a firearm prohibited, prohibited offensive weapons, and intentional possession of a controlled substance.[3]   That same day, the trial court imposed an aggregate sentence of five to ten years' imprisonment, to be followed by six years' probation.   Appellant did not file a direct appeal with this Court.

Appellant filed his first *pro se* PCRA petition on October 23, 2014, which was denied by the PCRA court on October 31, 2014 without a hearing.[4]   No notice of appeal was docketed in this Court.[5]   On February 17,

_____

[2] The Commonwealth elected not to file a brief in this matter.

[3] 18 Pa.C.S.A. §§ 6105(a), 908(a), and 35 P.S. § 780-113(a)(16), respectively.

[4] Although Appellant's petition is file-stamped October 27, 2014, we note that the certified record contains a copy of the envelope Appellant used for mailing, which shows a postmark of October 23, 2014.   Under the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012).   As a result, we deem Appellant's petition filed on October 23, 2014.   Further, for the remainder of Appellant's *pro se* filings we use the date of the postmarks as the corresponding filing dates in this memorandum pursuant to the prisoner mailbox rule.

[5] Despite this being Appellant's first petition, it appears that counsel was not appointed to represent him. **See generally** Pa.R.Crim.P. 904(C).   Appellant filed a *pro se* notice of appeal in the trial court on December 2, 2014.   The
*(Footnote Continued Next Page)*

2015, Appellant filed his second *pro se* PCRA petition, which Appellant amended *pro se* on March 9, 2015. The PCRA court denied Appellant's petition on March 11, 2015 without prejudice to refile, due to it being over 265 pages in length and the PCRA court's inability to understand the issues contained therein. Appellant did not file a notice of appeal to this Court. On March 23, 2015, Appellant filed a petition for reconsideration, which the PCRA court construed as Appellant's third *pro se* PCRA petition. Counsel was appointed for Appellant on June 12, 2015. On July 15, 2015, the Commonwealth filed a motion to dismiss Appellant's petition as untimely. The PCRA court conducted a hearing limited to arguments from counsel as to the issue of timeliness on July 31, 2015. That same day, the PCRA court entered an order dismissing Appellant's PCRA petition as untimely filed. On August 19, 2015, Appellant filed a timely notice of appeal.[6]

On appeal, counsel raises the following issue on Appellant's behalf.

> Whether [] Appellant's PCRA petition is wholly frivolous and without arguable merit within the meaning of **Anders** …; **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009)?

*(Footnote Continued)* _____

trial court notified Appellant that it would be forwarding said notice of appeal to the public defender under Pennsylvania Rule of Criminal Procedure 576(A)(4). However, no further action was taken on the notice of appeal.

[6] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

*Anders* Brief at 4.

Prior to considering Appellant's issue, we must review PCRA counsel's request to withdraw from representation. Our Supreme Court has articulated the requirements PCRA counsel must adhere to when requesting to withdraw, which include the following.

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless[.]

*Commonwealth v. Pitts*, 981 A.2d 875, 876 (Pa. 2009), *quoting* *Finley*, *supra* at 215. "Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Id.* (citation omitted).

- 4 -

Instantly, we determine that PCRA counsel has complied with the requirements of **Turner**/**Finley**. Specifically, PCRA counsel's **Anders** brief and petition to withdraw detail the nature and extent of PCRA counsel's review, address the claims Appellant raised in his *pro se* PCRA petition and at the PCRA hearing, and determine that the issues lack merit. PCRA counsel provides a discussion of Appellant's claims, explaining why the issues are without merit. Additionally, PCRA counsel served Appellant with a copy of the petition to withdraw and **Anders** brief, advising Appellant that, if PCRA counsel was permitted to withdraw, Appellant had the right to proceed *pro se* or with privately retained counsel. Appellant filed his *pro se* response on January 15, 2016 titled as a "Motion in Objection to **Anders** brief and Withdrawal of Counsel."[7] We proceed, therefore, to conduct an independent merits review of Appellant's issue, as well as his *pro se* response.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most

---

[7] Appellant's motion is granted to the extent that we accept the same as Appellant's timely filed response to counsel's petition to withdraw. Appellant's motion is denied in all other respects.

favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Before we may address the arguments raised in the ***Anders*** brief, we must first address the timeliness of Appellant's PCRA petition, as it implicates the jurisdiction of this Court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, ***Ali v. Pennsylvania***, 135 S. Ct. 707 (2014). This is to "accord finality to the collateral review process." ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be

received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

### § 9545.  Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

In the instant case, Appellant was sentenced on March 11, 2010, and Appellant did not file a direct appeal with this Court. Therefore, Appellant's judgment of sentence became final on April 12, 2010, when the filing period for filing a notice of appeal with this Court expired.[8] **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); Pa.R.A.P. 903(c)(3) (stating, "[i]n a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court[]"). Appellant filed the instant petition on March 31, 2015, and it is therefore patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1) (stating, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[]").

---

[8] We observe that the 30th day fell on Saturday, April 10, 2010. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely notice of appeal was on Monday, April 12, 2010.

Furthermore, neither counsel nor Appellant in his *pro se* response has argued that any of the three enumerated time-bar exceptions applies. Therefore, Appellant's PCRA petition was untimely, and the PCRA court lacked jurisdiction to address the merits of any of Appellant's claims on the merits.[9] **See Lawson**, **supra**.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely. Accordingly, we affirm the PCRA court's July 31, 2015 order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw as counsel granted. Motion in Objection to **Anders** Brief granted in part and denied in part. Application for removal of counsel denied. Application for writ of mandamus denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016

---

[9] In light of our conclusion, Appellant's motion to remove counsel is denied as moot. In addition, Appellant's petition for a writ of mandamus is denied.